#### KEITH et al. v. RUSK INDEPENDENT SCHOOL DIST. (No. 3733.)

Court of Civil Appeals of Texas. Texarkana. Dec. 20, 1929.

Rehearing Denied Jan. 9, 1930.

Perkins & Perkins, of Rusk, for plaintiffs in error.

Guinn & Guinn, of Rusk, for defendant in error.

LEVY, J. The suit was brought by the Rusk independent school district for the purpose of collecting alleged delinquent taxes. The following were named as parties defend-

ant: John L. Keith, H. A. Perlstein, S. G. Burnett, C. T. Heisig, Hal G. Land, J. Rosenthall, B. A. Steinhagen, individually and as trustees, and Bertha D. Paggi and Chas. Paggi as independent executors of the estate of Ed Paggi, deceased. The petition alleged, namely: "Each and all of said defendants reside in Jefferson County, Texas, and each and all of them are persons claiming and owning an interest in the hereinafter described land situated in Cherokee County. * * * That the defendants are justly due it the amount of taxes, penalties, interest and costs as set out in the schedule hereto attached and marked 'Exhibit A' and made a part of this petition, by virtue of their having failed to pay the taxes for the respective years and for the respective amounts as set out in said exhibit and due upon the following described land: (Here follows description)."

The following is the schedule alleged, proven, and relied upon by the school district:

suit, except B. A. Steinhagen, agreed in writing "to form a syndicate to purchase at receiver's sale on September 15, 1922, the properties of the Texas Steel Company." The agreement specially provided that "Mr. John L. Keith is hereby made, constituted and appointed trustee, with full power and authority to bid for said properties at said sale. If the bid made by the trustee is accepted and the sale confirmed title to the property shall pass by the deed to him, the said trustee, in his name alone; to be held by him, however, for the use and benefit of those subscribing according to and as their interests may appear by the amounts actually paid in by them respectively." On September 25, 1922, W. H. Lanz, as receiver of the Texas Steel Company, by deed conveyed to John L. Keith the properties of the Texas Steel Company conveyed to it by L. P. Featherstone. So far as shown in the record, the land stood of record in Cherokee county in the name of John L. Keith, as trustee, from the date of the deed

| Yr. Reported sold or delinquent. | To Whom Assessed | Abst. No. | Original Grantee | Value | Tax | Int. | Pen. |
|---|---|---|---|---|---|---|---|
| 1925 | Texas Steel Company By John L. Keith. | 106 | J. R. Blanton | | | | |
| | | 931 | A. H. White | 3600 | 360 | 63.00 | 36.00 |
| 1926 | Texas Steel Company by John L. Keith. | 106 | J. R. Blanton | | | | |
| | | 931 | A. H. White | 3600 | 360 | 41.40 | 36.00 |
| 1927 | Texas Steel Company by John L. Keith. | 106 | J. R. Blanton | | | | |
| | | 931 | A. H. White | 61250 | 61250 | 33.69 | 61.25 |

Attorney's fees of $7.00, and $1.00 Collector's Cost each year or $3.00 in all for three years, and a total of $10.00 in addition to the amount specified above, and making a total amount due on December 1st, 1928, of One Thousand Six Hundred Thirteen and 84/100 ($1,613.84) plus the $10.00 or a total of $1,623.84.

The tax assessor testified: "I have in my hand a certified copy of the delinquent roll of the Rusk Independent School District from the year 1921 to the year 1926, both years inclusive. This roll reads: 'Texas Steel Company, John L. Keith, Agent.' The property is assessed to the Texas Steel Company, John L. Keith, Agent."

It appears that in 1920, or prior thereto, R. S. Collins and W. H. Lanz were appointed receivers of the properties of the Texas Steel Company by the district court of Jefferson county. On March 18, 1920, L. P. Featherstone deeded all the properties conveyed to him by the board of prison commissioners to "R. S. Collins and W. H. Lanz in their capacity as receivers of said Texas Steel Company." The land involved in this suit was a part of the land so conveyed. This deed recites that the Texas Steel Company is "a corporation created and existing under the laws of Texas," although there was no evidence offered in that respect by the parties. On September 7, 1922, the defendants in this

of September 25, 1922, to the date of trial of this cause. It is unnecessary to further set out the evidence in the record, as the trial court's findings of fact appear and no objection is made to them on appeal. After hearing the evidence, judgment was entered in favor of the school district.

On appeal the plaintiffs in error complain of the judgment as erroneous in so far as it awards personal liability against them for the amount of the delinquent taxes due on the property, because: (1) Plaintiffs in error could not be held liable for the assessment of the land of the "Texas Steel Company, by John L. Keith," and (2) plaintiffs in error were not the owners of the property nor personally liable for the taxes. In determining the point made there is necessarily involved the construction of the judgment as entered in the trial court. If by the judgment the plaintiffs in error are not held personally liable to pay the taxes, then the other questions are immaterial of consideration.

After formally reciting the appearance of

the parties, the judgment proceeds to judicially determine that the "taxes" have been legally levied and assessed against the land in suit and have been "returned delinquent" and have not been paid, and, including interest, penalty, and costs, amounted to $1,631.96, and that defendants "own or have or claim interest in or lien on the hereinafter described lots, tracts or parcels of land," and that to secure the payment of such sum of $1,631.96 a lien has been fixed by law upon the land (describing it). The judgment then "adjudges, and decrees" that the $1,631.96 "be and the same is established as a just and legal demand against said defendants and each of them, and that the plaintiff is entitled to have the land subjected to the payment of the same, as well as the payment of all costs incurred in this suit, and it is so ordered." Continuing, the judgment orders and adjudges the foreclosure of the tax lien on the land and the sale of the land under an order of sale, and that the proceeds of the sale be applied to the satisfaction of the taxes, penalty, interest, and costs in the sum of $1,631.96.

It is believed that the judgment as entered may be fairly understood as determining that the delinquent taxes shall be a charge against the interest the defendants may have in the land, whether of ownership, claim, or lien, and the tax lien shall be foreclosed against such interest of the defendants in the land and the land shall be sold to satisfy the amount established of $1,631.96. The judgment does not undertake, in express terms or by intendment, to go further and award a personal judgment against the defendants, or any one of them, so far as making the delinquent taxes a personal charge against them individually and subjecting them to individual liability therefor. It merely adjudged that the "land" shall be subjected to the payment of the amount sued for, and does not adjudge that the defendants shall make good any deficiencies which may be found to exist after the sale. There is a distinguishment between a judgment of individual liability for the taxes and a judgment merely foreclosing the tax lien against the interest of a defendant in the land against which taxes have been assessed. So construing the judgment, there remains no further question for decision on appeal, and the judgment must be affirmed.

The defendant in error has filed what is styled a "remittitur," but which is in fact an absolute release of "any personal judgment that may have been obtained" against all the defendants except John L. Keith. The terms of the judgment as rendered may not be construed as awarding personal liability of John L. Keith for taxes. The judgment, as stated, merely forecloses a tax lien against the interest of all the defendants in the land, whether such interest be that of ownership or a mere claim or lien.